**MLG, APLC**
Jonathan A. Michaels, Esq. – CA State Bar No. 180455
Daniel A. Uribe, Esq. – CA State Bar No. 253451
John M. Whelan, Esq. – CA State Bar No. 174928
151 Kalmus Drive, Suite A-102
Costa Mesa, CA 92626
T. (949) 581-6900
F. (949) 581-6908
(jmichaels@mlgaplc.com)
(duribe@mlgaplc.com)
(jwhelan@mlgaplc.com)

Attorneys for Plaintiffs,
Raquel Wilson and D'Angelo Scott

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raquel Wilson, an individual, and D'Angelo Scott, an individual, <br><br><br> Plaintiffs, <br> v. <br><br> General Motors, LLC, a Delaware limited liability company; and Does 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br><br> **COMPLAINT FOR:** <br> 1. **NEGLIGENCE;** <br> 2. **STRICT LIABILITY – DESIGN DEFECT; AND** <br> 3. **STRICT LIABILITY – MANUFACTURING DEFECT** |

**– <u>JURY TRIAL DEMANDED</u> –**

1

**COMPLAINT**

## THE PARTIES

1.      At all times mentioned in this Complaint, Plaintiff Raquel Wilson, is, and at all relevant times was, a resident of Maricopa County, Arizona.

2.      At all times mentioned in this Complaint, Plaintiff D'Angelo Scott, is, and at all relevant times was, a resident of Maricopa County, Arizona.

3.      Plaintiffs are informed and understand that Defendant General Motors LLC is a Delaware limited liability company.  The vehicle that is the subject of this civil action was manufactured by General Motors Corporation.  In 2009, General Motors Corporation filed for bankruptcy, and Defendant General Motors LLC was formed as a Delaware limited liability company to serve as the successor-in-interest for General Motors Corporation following the bankruptcy.

4.      As part of the bankruptcy reorganization process, the newly-created company, Defendant General Motors LLC acquired substantially all of the assets of General Motors corporation and assumed its business operations.  The new company also assumed certain liabilities of General Motors Corporation under 11 U.S.C. § 363, including liability for all death and personal injury caused by their vehicles and the components thereof.

**COMPLAINT**

5.      Defendant is authorized to do business in the State of Arizona.  Its principal place of business is Detroit, Michigan.  At all times mentioned here, Defendant General Motors was engaged in the business of selling automobiles in Maricopa County, Arizona.

6.      Plaintiffs are unaware of the true names of Does 1 through 10 and therefore sue them by such fictitious names and will ask for leave of court to insert their true names when such have been ascertained.

## JURISDICTION AND VENUE

### A.      Subject Matter Jurisdiction

7.      This Court has jurisdiction over the subject matter presented by this Complaint because this is a dispute among parties of different states, making the matter completely diverse as defined by 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.

### B.      Personal Jurisdiction

8.      This Court has personal jurisdiction over Plaintiffs Raquel Wilson and D'Angelo Scott, because the Plaintiffs reside in Maricopa County, Arizona, and furthermore, consent to such jurisdiction.

**COMPLAINT**

9.    This Court has personal jurisdiction over Defendant General Motors LLC, because it engages in significant business throughout the State of Arizona, thus providing the State of Arizona with general jurisdiction.

**C.    Venue**

10.    Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendant General Motors LLC, as a limited liability company, is deemed to reside in any district in which it is subject to personal jurisdiction.   The Plaintiffs reside in Maricopa County, Arizona, and furthermore consent to the venue of the Court.

## STATEMENT OF OPERATIVE FACTS

11.    In early 2017, Plaintiff Raquel Wilson purchased a 2006 Chevrolet Equinox (VIN: 2CNDL13F966029085).

12.    Raquel Wilson's primary motivation for purchasing the vehicle was to obtain a reliable and safely designed and manufactured vehicle for use by herself and her family.   Raquel Wilson purchased the vehicle because she believed it was safely designed, engineered, manufactured, assembled, inspected and tested.

**COMPLAINT**

13.     On October 7, 2017, Raquel Wilson was driving with her husband, D'Angelo Scott, who was located on the front passenger seat.  She made a left-hand turn at an intersection, and as she was turning, another vehicle hit them on the front passenger side, causing the Equinox to roll over a number of times.  Much to the Plaintiffs' surprise, none of the Equinox's four airbags deployed during the accident.  As a result, neither Raquel Wilson nor D'Angelo Scott was fully protected in the ensuing collision, causing both to sustain more injuries than they would have had the Equinox's safety system deployed successfully.

14.     Had Raquel Wilson known about the Equinox's defective airbag system at the date of purchase, she would have either demanded its immediate repair and replacement or she would never have purchased the vehicle at all.

## **FIRST CAUSE OF ACTION**

### **NEGLIGENCE**

(All Plaintiffs Against All Defendants)

15.     Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

5

16. Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed, and performed maintenance on the 2006 Chevrolet Equinox purchased by Plaintiff Raquel Scott and used by both Plaintiffs.

17. Defendant owed a duty to use reasonable care in the design, engineering, testing, assembly, marketing, advertisement, inspection, maintenance, warning, sale and/or distribution of the subject vehicle, to avoid exposing the public and ultimate users, like Plaintiffs, to a foreseeable risk of harm.

18. Defendant breached said duty and is liable to Plaintiffs for one or more of the following negligent acts and/or omissions:

a. Failing to use due care in the design, engineering, testing, assembly, marketing, advertising, inspection, maintenance, sale and/or distribution of the subject vehicle, and/or to utilize and/or implement reasonably safe designs in the manufacture of the 2006 Chevrolet Equinox;

b. Placing the subject vehicle into the stream of commerce when it had a propensity for defective airbag deployments while being used in a reasonably foreseeable manner, rendering it hazardous and dangerous for its contemplated and intended use, and thereby presenting an unreasonable risk of serious injury or death;

**COMPLAINT**

c.      Failing to provide adequate and proper warnings of the subject vehicle's propensity for defective airbag deployment while being used in the manner for which it was intended;

d.      Failing to incorporate or retrofit the 2006 Chevrolet Equinox with existing, reasonable safeguards and protections against defective airbag deployment and the consequences flowing therefrom, when used in the manner for which it was intended;

e.      Failing to adequately prevent, identify, mitigate and fix defective airbag deployment, in accordance with good engineering practices;

f.      Failing to notify and warn Plaintiffs through consumer reports of defective airbags, thus misrepresenting the safety of the 2006 Chevrolet Equinox, and the model subject vehicle generally;

g.      Failing to make adequate and timely corrections to the manufacture and design of the 2006 Chevrolet Equinox, and to the model vehicle generally, so as to prevent and/or minimize the effects and incidents of sudden and unexpected brake loss; and,

h.       Otherwise being careless and negligent.

7

**COMPLAINT**

19.     Defendant's actions as alleged herein were a substantial factor in causing Plaintiffs' damages in that Plaintiffs would not have purchased or used the vehicle had they known the subject vehicle had a defective airbag system.

20.     As a direct and proximate result of Defendant's actions and its negligent breach of its standard of care, Plaintiffs both suffered damages on October 7, 2017 when, as they were using the subject vehicle, its airbag system did not properly deploy when it was struck by another vehicle.   This caused both Plaintiffs to sustain more injury than they would have had the airbag system fully deployed, resulting in past and future medical expenses and lost earnings.

21.     Plaintiffs seek relief for such damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

### STRICT LIABILITY – DESIGN DEFECT

(All Plaintiffs Against All Defendants)

22.     Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

**COMPLAINT**

23.   Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, distributed, and performed maintenance on the 2006 Chevrolet Equinox purchased by Plaintiff Raquel Scott and used by both Plaintiffs.

24.   The 2006 Chevrolet Equinox manufactured by Defendant did not perform as safely as an ordinary consumer would have expected the vehicle to perform when it regularly stalled during normal use.  Damage to drivers and their passengers of such vehicles are reasonably foreseeable to manufacturers like Defendant.

25.   Defendant's actions as alleged herein were a substantial factor in causing Plaintiffs' damage in that Plaintiff Raquel Wilson would not have leased the subject vehicle and would not have driven Plaintiff D'Angelo Scott as a passenger had she known the subject vehicle had defective airbags.

26.   As a direct and proximate result of the subject vehicle's failure to operate as warranted, Plaintiffs suffered when the subject vehicle's airbag system failed to deploy during an accident.  As a result, both Plaintiffs were not protected in the ensuing collision, causing both to sustain more injuries than they would have had the Equinox's safety system deployed successfully.

27.   Plaintiffs seek relief for such damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

**COMPLAINT**

**THIRD CAUSE OF ACTION**

**STRICT LIABILITY – MANUFACTURING DEFECT**

(All Plaintiffs Against All Defendants)

28.     Plaintiffs repeat every allegation contained in the paragraphs above and incorporate such allegations herein by reference.

29.     Defendant designed, engineered, manufactured, tested, assembled, marketed, advertised, sold and/or distributed, and performed maintenance on the 2006 Chevrolet Equinox purchased by Plaintiff Raquel Scott.

30.     The subject vehicle contained a manufacturing defect in the form of a propensity to stall when it left Defendant's possession or when Defendant performed maintenance on the vehicle.

31.     Defendant's actions as alleged herein were a substantial factor in causing Plaintiffs' damages in that neither would have used the vehicle had either been informed that the subject vehicle had a defective airbag system.

32.     As a direct and proximate result of the subject vehicle's failure to operate as warranted, Plaintiffs sustained more injuries than they would have had the Equinox's safety system deployed successfully.

10

**COMPLAINT**

33.    Plaintiffs seek relief for such damages in an amount to be proven at trial, but which is in excess of the minimum jurisdictional limit of this Court.

**WHEREFORE,** Plaintiffs pray that the Court award them:

First Cause of Action:

1.    Compensatory damages.

Second Cause of Action:

1.    Compensatory damages;

Third Cause of Action:

1.    Compensatory damages;

All Causes of Action

1.    Costs of suit herein incurred;

2.    Interest as provided by law.

3.    For such other and further relief as the Court may deem just and proper.

**MLG, APLC**

Dated:  February 28, 2019          By:    */s/   Jonathan A. Michaels*
                                          Jonathan A. Michaels, Esq.
                                          Daniel A. Uribe, Esq.
                                          John M. Whelan, Esq.
                                          Attorneys for Plaintiffs,
                                          Raquel Wilson and D'Angelo Scott

11

**COMPLAINT**