IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raquel Wilson, et al., | No. CV-19-01419-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| General Motors LLC, et al., | |
| Defendants. | |

Pending before the Court is General Motors LLC's Oral Motion to Dismiss for Lack of Prosecution pursuant to Rule 46(b) of the Federal Rules of Civil Procedure. (Doc. 46.)

This Court ordered the parties to appear at an in-person Status Conference on February 5, 2020. (Doc. 45.) Plaintiffs nonetheless failed to appear. (Doc. 47.) General Motors made the pending Motion during that Status Conference. (*Id*.) Also on February 5, 2020, the Court warned Plaintiffs that if they did not respond to the Motion within 21 days, the Court would likely grant the Motion. (*Id*.) That time has passed, and Plaintiffs have yet to respond. Additionally, Plaintiffs have disregarded the Court's Order, in light of prior counsel's withdraw, to either obtain new counsel or notify the Court that Plaintiffs intend to proceed *pro se*. (Doc. 42.)

Plaintiffs have the general duty to prosecute this case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc*., 587 F.2d 27, 29 (9th Cir. 1978). In determining whether Plaintiffs' failure to prosecute warrants dismissal of the case, the

Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiffs have not complied with multiple orders of the Court. General Motors has argued that it is "uncertain as to how to proceed or with whom it should communicate." (Doc. 43 at 3.) The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider less drastic alternatives. The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court finds that dismissal with prejudice would be unnecessarily harsh in this case. Therefore, the Court will dismiss the case <u>without</u> prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED granting** without prejudice the Motion to Dismiss. (Doc. 46.)

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this matter.

Dated this 27th day of February, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge